UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STACEY ARNOLD YERKES,**

      **Plaintiff,**
  v.                              Case No. 2:19-cv-2047
                                     JUDGE EDMUND A. SARGUS, JR.
**OHIO STATE HIGHWAY**       Magistrate Judge Elizabeth Preston Deavers
**PATROL,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

This case involves an employment dispute in which Plaintiff, a former Training Sergeant with Defendant Ohio State Highway Patrol ("Defendant" or "Patrol"), alleges that Defendant discriminated and retaliated against her based on her sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964. This matter is presently before the Court pursuant to Plaintiff's Motion for an Adverse Inference, in which Plaintiff claims Defendant spoliated evidence. (ECF No. 149.) Defendant opposes the motion. (ECF No. 155.) For the reasons that follow, Plaintiff's motion is **DENIED**.

                                      **I.    BACKGROUND**

During the discovery period, Plaintiff deposed Captain Charles Linek, III—one of the decisionmakers who recommended the Last Chance Agreement ("LCA") offered to Plaintiff. (*See* Linek Dep., ECF No. 86.) During his deposition, Cpt. Linek identified two former Patrol dispatchers who received LCAs for having tattoos; one left the Patrol in 2012 and the other in 2015. (*Id.* at 112:9-19, 115:2-13.) Cpt. Linek also indicated that there were administrative investigations conducted in response to the former dispatchers' tattoo violations, generating administrative investigation files, which had since been destroyed pursuant to the Patrol's 5-year

record retention policy. (*Id.* at 115:14-24, 118:5-20.) Cpt. Linek was able to recall that the LCAs issued to the dispatchers required them to remove their tattoos, but he was unable to say whether their LCAs included additional discipline mirroring the LCA offered to Plaintiff. (*Id.* at 117:12-118-1, 119:6-25.)

## II. LAW & ANALYSIS

Plaintiff's motion asks the Court to draw an adverse inference against Defendant based on its alleged spoliation of the investigation and disciplinary files of two former Patrol dispatchers who received LCAs for having tattoos. (ECF No. 149 at 2.)

A party seeking an adverse inference instruction based on the spoliation of non-ESI evidence has the burden of showing:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beavan v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). An obligation to preserve evidence exists when the party "should have known that the evidence may be relevant to future litigation . . . ." *Id.* (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). A party has a culpable mental state when "evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or negligently." *Id.* (quoting *Residential Funding Corp.*, 306 F.3d at 108) (internal quotation marks omitted).

The Court finds that an adverse inference instruction is unwarranted because Plaintiff has failed to carry her burden on the first two factors listed in *Beavan*. First, Plaintiff cannot show that Defendant had an obligation to preserve the former dispatchers' administrative investigation files

*at the time they were destroyed*. Cpt. Linek testified that the Patrol has a 5-year retention policy for records, and that both administrative investigation files for the former dispatchers were destroyed pursuant to this policy. Plaintiff does not challenge the Patrol's retention policy in the abstract; instead, Plaintiff contends that, after Plaintiff filed her EEOC charge in January 2018, which triggered a duty to preserve the administrative investigation files, Defendant subsequently flouted this duty and destroyed the files to avoid producing them in this litigation. (Mot. at 3-4, ECF No. 149.) Underlying this argument is the belief that Cpt. Linek reviewed the investigation files themselves when he determined his disciplinary recommendation for Plaintiff. (*Id.* at 4.) But this belief is mistaken. A careful review of Cpt. Linek's deposition transcript reveals that his consideration of the former dispatchers' LCAs, as they related to Plaintiff disciplinary recommendation, was based only on his memory—not on a review of their administrative investigation files. That is, Cpt. Linek's deposition testimony does *not* establish that he relied on these files when recommending appropriate discipline for Plaintiff. Indeed, Cpt. Linek's testimony suggests that such reliance would be impossible, as these files fell victim to the Patrol's 5-year record retention policy.[1] In the absence of any evidence that the Patrol had an obligation to preserve the former dispatchers' administrative investigation files at the time they were destroyed, the Court concludes that a spoliation instruction is inappropriate in this case.

Second, Plaintiff has not established that Defendant destroyed the former dispatchers' administrative investigation files with a culpable mental state. There is no evidence that Defendant knew or should have known that the destruction of these files pursuant to its 5-year retention policy would prevent Plaintiff from being able to access alleged comparator evidence in this litigation.

---

[1] Not lost on the Court is the fact that one of the former dispatchers left the Patrol in 2015, just 3 years prior to Plaintiff's EEOC charge. However, Defendant represents that it generated her administrative investigation file well before her departure, thus resulting in its destruction pursuant to the Patrol's retention policy prior to Plaintiff's EEOC charge. (*See* Opp'n at 2-3, ECF No. 155.)

Accordingly, Plaintiff has not proven that Defendant had a culpable state of mind, and therefore the second element of *Beaven* has not been met. *See Beaven*, 622 F.3d at 553–54; *see also Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 797 (6th Cir. 2006) (declining to draw adverse inference following routine destruction of potentially relevant documents where alleged spoliators had no notice of pending litigation).

In sum, Plaintiff can establish neither the first nor second element of the *Beavan* test, which is fatal to her motion. The Court, therefore, **DENIES** Plaintiff's Motion for an Adverse Inference.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish the required elements for an adverse-inference jury instruction, and therefore **DENIES** Plaintiff's motion. (ECF No. 149.)

**IT IS SO ORDERED.**

**7/27/2023**                  **s/Edmund A. Sargus, Jr.**
**DATE**                         **EDMUND A. SARGUS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**