UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STACEY ARNOLD YERKES,**

    **Plaintiff,**

v.                                        Case No. 2:19-cv-02047
                                                JUDGE EDMUND A. SARGUS, JR.
**OHIO STATE HIGHWAY**          Magistrate Judge Elizabeth Preston Deavers
**PATROL,** *et al.***,**

    **Defendants.**

**<u>OPINION AND ORDER</u>**

This case involves an employment dispute in which Plaintiff, a former Training Sergeant with Defendant Ohio State Highway Patrol ("Defendant" or "Patrol"), alleges that Defendant discriminated and retaliated against her based on her sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964. This matter is presently before the Court pursuant to Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Proffered Expert Witness and Testimony Regarding Reports Submitted on July 11, 2023 and July 13, 2023 for Trial Deposition Testimony. (ECF No. 150.) For the reasons that follow, Defendant's motion is **DENIED**.

**I.**     **BACKGROUND**

In March of 2020, Dr. Stan V. Smith, Ph.D., produced an expert report calculating Plaintiff's economic damages resulting from her alleged constructive discharge from the Patrol. (*See* Smith Rep., ECF No. 137-2.) More than three years later, Dr. Smith provided Plaintiff's counsel with two supplemental reports updating his calculations, and Plaintiff's counsel subsequently delivered these reports to Defendant's counsel; Defendant received the first supplemental report on July 11, 2023, and the second report two days later. (*See* Exs. 1-3, 5 to Mot., ECF No. 150.)

But the timing of the above disclosures allegedly prejudiced Defendant, as Dr. Smith's trial deposition was scheduled for July 14, 2023—just 3 days after Defendant received the first supplemental report and less than 24 hours after receiving the second report. Recognizing the short notice, Plaintiff suggested taking Dr. Smith's direct examination on July 14, as originally scheduled, and leaving his cross-examination for a later date, thus giving Defendant additional time to prepare. (*See* Ex. 5 to Mot., ECF No. 150-5.) Defendant declined the invitation, and proceeded with the full trial deposition, under objection, on July 14, 2023. (*See* Smith Dep., ECF No. 152.)

A week after the parties completed Dr. Smith's trial deposition, the Court held the Final Pretrial Conference. (*See* Minute Entry, ECF No. 154.) At the Final Pretrial Conference, Defendant voiced its concerns regarding Plaintiff's disclosures of Dr. Smith's supplemental reports on the eve of his trial deposition and indicated that it planned to file an additional motion in limine to exclude Dr. Smith's testimony and supplemental reports. (*See* Proposed Pretrial Order at 15, ECF No. 147.) The Court informed the parties that, if desired, the Court would issue an order giving Defendant the right to depose Dr. Smith further. Defendant never moved for such an order. Instead, Defendant filed the instant motion, which is ripe for review.

## II.     LAW & ANALYSIS

Defendant asks the Court to issue an order preventing Plaintiff from presenting any testimony from Dr. Smith or any of his supplemental reports or opinions. (Mot. at 1, ECF No. 150.) The Court finds the drastic remedy Defendant requests to be inappropriate here.

District courts enjoy broad discretion in regulating discovery and resolving discovery disputes. See *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991)

(citations omitted). Under the Federal Rules of Civil Procedure, litigants must provide detailed written disclosures of their expert witnesses who are expected to provide expert testimony. Fed. R. Civ. P. 26(a)(2). But this is not always the extent of a party's mandatory expert disclosures. Indeed, the rules anticipate that an expert's opinion may evolve over the course of litigation, and to account for this evolution, the rules impose an ongoing duty to supplement expert disclosures when the prior disclosure is no longer materially complete or correct. Fed. R. Civ. P. 26(e). However, the permissibility of supplementing expert disclosures has a limit—that is, "[s]upplementing or correcting information in an expert disclosure is recognized by the rules and permitted, unless the supplement is 'so late in the game' that it deprives the opposing party of a meaningful opportunity 'to respond or prepare for deposition or trial.'" *Williams v. City of Chattanooga*, No. 1:16-cv-477, 2018 U.S. Dist. LEXIS 247988, at *8 (E.D. Tenn. Feb. 1, 2018) (quoting *Capitol Justice LLC v. Wachovia Bank, N.A.*, 706 F. Supp. 2d 34, 38 (D.D.C. 2009) (holding a supplement was permissible when the expert "only changed the inputs and calculations to produce a more complete and accurate report")).

Here, although Plaintiff disclosed Dr. Smith's supplemental reports the week of his trial deposition (and less than three weeks before trial), the Court does not find that their admission can be fairly characterized as prejudicial to Defendant.[1] As an initial matter, the content of the supplemental reports appears to *benefit* Defendant. In Dr. Smith's original report, he based his calculations on the assumption that Plaintiff's post-Patrol employment would generate substantially less income and benefits than she is currently earning. (*See* Smith. Dep. 49:12-50:8, ECF No. 152.) By securing better employment than expected, Dr. Smith revised his initial

---

[1] Of course, such late supplementation may be impermissible as prejudicial under other circumstances, such as when the opposing party cannot adequately adjust to the supplemented material prior to trial. A typical scenario could involve the addition of significant unforeseen or purposefully hidden facts, or modifications to the original expert report that changes a claim or defense. But this is not such a case.

calculations, resulting in a *greater* offset to Plaintiff's wages and benefits. (*Id.*) In other words, by taking into account Plaintiff's current employment, the supplemental reports increased Plaintiff's mitigation offset, thereby reducing her losses overall. Such favorable supplementation does not sound in prejudice.

Next, to the extent Defendant faces any prejudice from the late disclosures, Defendant declined multiple invitations to cure this prejudice by refusing to engage in subsequent discovery. Not only did Plaintiff suggest cross-examining Dr. Smith at a later date, but the Court also advised Defendant of its willingness to order additional trial deposition testimony. Defendant passed up both offers. In light of Defendant's decision to forego other—more equitable—solutions to its alleged prejudice, the Court will not reward Defendant with the drastic remedy it seeks. Accordingly, Defendant's motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant was not prejudiced by Plaintiff's supplemental disclosures, and therefore **DENIES** Defendant's motion. (ECF No. 150.)

**IT IS SO ORDERED.**

<u>7/28/2023</u>                                             <u>s/Edmund A. Sargus, Jr.          </u>
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**

4